NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIASIS YAMILET SANCHEZ-
SUAZO; LUIS DAVID MUNOZ-
SANCHEZ,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-1605

Agency Nos.
A201-676-975
A201-676-976

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023[**]
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Diasis Yamilet Sanchez-Suazo, a native and citizen of Honduras, petitions for

review of a Board of Immigration Appeals decision dismissing her appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order of an immigration judge denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. Sanchez's son is a derivative beneficiary of her asylum application. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1. Substantial evidence supports the agency's finding that Sanchez established neither past persecution nor a clear probability of future persecution in Honduras. Sanchez claims that unknown men obtained photographs of her children in school, once entered Sanchez's home to threaten her, and repeatedly threatened her partner because he refused to help them transport drugs. These threats alone, however, do not compel a finding of past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060–63 (9th Cir. 2021); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019). Nor do they compel a finding of a clear probability of future persecution, especially because Sanchez's partner and daughter remained safely in Honduras for at least six months after Sanchez fled. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

2. Substantial evidence also supports the agency's finding that Sanchez's proposed social group, "immediate family members of truck drivers in Honduras who refuse to distribute drugs for the drug trafficking cartels," lacks social distinction. Although the country reports and testimony document widespread

violence in Honduras, they do not suggest that families of truck drivers are "perceived as distinct" by Honduran society. *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (cleaned up).

3.    Finally, substantial evidence supports the agency's conclusion that Sanchez failed to establish a clear probability of torture by or with the "acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (cleaned up).  "Torture is an extreme form of cruel and inhuman treatment" that rises above persecution.  8 C.F.R. § 208.18(a)(2). The threats from gang members do not establish past torture or compel a finding of a likelihood of future torture.  Moreover, the country reports document that the Honduran government is attempting to curb gang violence, and the record does not compel the conclusion that it would acquiesce to Sanchez's torture.

**PETITION FOR REVIEW DENIED.**